State v. Murphy.

THE STATE, SAMUEL B. HUDNUT AND GABRIEL H. SLATER, PROSECUTORS, v. JAMES H. MURPHY, COLLECTOR OF ALEXANDRIA.

When commissioners of appeal make an additional assessment, and assess persons for property not owned by them at the time, such additional assessment will be set aside.

On *certiorari.* In matter of taxation.

Argued in the branch court before Justices ELMER and HAINES.

For prosecutor, *George A. Allen.*

For defendants, *A. G. Richey.*

The opinion of the court was delivered by

HAINES, J. The prosecutors had been severally taxed for all the property, real and personal, held by them individually, and subject to such taxation, in the township of Alexandria, for the year 1862.

On the 6th of December of that year, the commissioners of appeal made an addition to their assessments, and assessed them jointly for a house and lot, called a tavern property, situated at Frenchtown, which they had previously purchased subject to encumbrances, but which, on the 13th of September, 1862, had been sold for encumbrances and conveyed by a master in chancery to another party.

Several objections are made to the assessment; the want, namely, of any complaint made to the commissioners of appeal, or of any notice in writing to the parties interested by the party complaining, or of any judgment rendered within ten days after the making of such complaint, as is required by the statute. *Nix. Dig.* 801, *pl.* 57.*

Without stopping to consider these objections to the mode of proceeding by the commissioners of appeal, a sufficient and conclusive objection to the additional assessment is,

---

*Rev., p.* 1149, § 56.

that it was made upon property which, at the time, was neither owned nor occupied by the prosecutors. Had the opportunity been afforded, they could have shown to the commissioners of appeal, as they did to this court by proof taken under rule, that the property had been sold and conveyed by a judicial sale to another person, and that the title had passed out of them nearly three months before the time when the additional assessment was made.

The act provides that all personal and real estate within this state, owned by individuals or by corporations, shall be liable to be taxed. But no one is to be taxed for property which he neither owns nor occupies.

Let the assessment be set aside.

ELMER, J., concurred.

CITED in *State* v. *Hardin*, 5 *Vroom* 81.